**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------X  Case No. 17-cv-02592
CORLISS RHODES, on behalf of herself individually
and all others similarly situated,

                                                          Plaintiff,

                                                                              CLASS ACTION
                                                                                 **COMPLAINT**

          -against-

ALDOUS & ASSOCIATES, P.L.L.C.,

                                                               Defendant.
-------------------------------------------------------------------------X

      Plaintiff, by and through her attorneys FAGENSON & PUGLISI, PLLC, upon knowledge as to herself and her own acts, and as to all other matters upon information and belief, brings this complaint against above-named defendant and in support thereof alleges the following:

## INTRODUCTION

1.    This is an action for damages brought by an individual consumer and on behalf of a class for defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices.

## JURISDICTION AND VENUE

2.    This Court has federal question jurisdiction pursuant to the FDCPA, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. This Court has venue pursuant to 28 U.S.C. § 1391(b) in that plaintiff resides in this District and a substantial portion of the events or omissions giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff is a natural person who resides in this District.

5. Plaintiff is a consumer within the meaning of 15 U.S.C. § 1692a(3) as she is a natural person who is alleged by defendant to owe a financial obligation.

6. The financial obligation which defendant sought to collect from plaintiff is a debt within the meaning of 15 U.S.C. § 1692a(5) in that the obligation which defendant sought to collect from plaintiff is alleged to be a defaulted debt which was originally incurred for personal, family or household purposes to Blink Fitness.

7. Defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6).

8. The principal purpose of defendant's business is the collection of defaulted consumer debts.

9. Defendant uses the mails in its business the principal purpose of which is the collection of defaulted consumer debts.

10. Defendant regularly collects or attempts to collect defaulted consumer debts owed or due or alleged to be owed or due to others.

11. Upon information and belief, defendant is a foreign professional service limited liability company formed under the laws of the State of Utah.

## FACTUAL ALLEGATIONS

12. Plaintiff re-alleges paragraphs 1-11 as if fully re-stated herein.

13. Defendant sent to plaintiff a collection letter dated December 7, 2016.

14. Defendant stated in the letter that plaintiff's account was in default.

15. The letter was defendant's first communication with plaintiff in connection with the collection of the debt.

16. The letter was defendant's first written communication with plaintiff in connection with the collection of the debt.

17. Defendant sent no letter to plaintiff within five days after the date on which defendant sent the letter dated December 7, 2016.

18. In the letter, defendant failed to provide to plaintiff the notice required by 15 U.S.C. § 1692g(a)(3).

19. In the letter, defendant failed to inform plaintiff that unless she disputes the validity of the debt or any portion thereof within 30 days after receiving the letter defendant will assume the debt to be valid.

20. Upon receipt of defendant's letter, plaintiff did not know that she could dispute the validity of the debt or any portion thereof within 30 days after her receipt of the letter to prevent defendant from assuming the debt is valid.

21. Upon discovering defendant's aforesaid failure, plaintiff felt confusion, annoyance and upset.

22. Defendant's letter is derived from a letter form.

23. Defendant's letter is derived from a letter template.

- 4 -

## AS AND FOR A FIRST CAUSE OF ACTION

*Failure to include the notice required by 15 U.S.C. § 1692g(a)(3)*

15 U.S.C. §§ 1692g(a)(3) and 1692e

24. Plaintiff re-alleges paragraphs 1-23 as if fully re-stated herein.

25. Defendant failed to provide the notice required by 15 U.S.C. § 1692g(a)(3) in its letter to plaintiff.

26. In the letter, defendant failed to inform plaintiff that unless she disputes the validity of the debt or any portion thereof within 30 days after receiving the letter defendant will assume the debt to be valid.

27. Defendant's said failure contravenes 15 U.S.C. § 1692g(a)(3).

28. Defendant is further in violation of 15 U.S.C. § 1692e in that its said failure to include the notice required by 15 U.S.C. § 1692g(a)(3) also constitutes a deceptive and misleading means used in an attempt to collect the debt.

## CLASS ALLEGATIONS

29. Plaintiff re-alleges paragraphs 1-28 as if fully re-stated herein.

30. This action is brought on behalf of plaintiff and the members of a class. The class consists of all persons who defendant's records reflect were sent debt collection letters within the State of New York within the period of time commencing one year before the filing of this complaint up to and including the date of the filing of the complaint and who were sent a collection letter (a) in substantially the same form as the letter defendant sent to plaintiff dated December 7, 2016; (b) the collection letter was sent to a consumer seeking payment of a consumer debt; (c) the collection letter was not returned by the postal service as undeliverable; and (d) the letter contained the aforesaid violations of 15 U.S.C. §§ 1692g(a)(3) and 1692e. The class does not include defendant or persons who are officers, directors or employees of defendant.

31. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    (A) Based on the fact that the collection letter that is the gravamen of this litigation is a mass-mailed form letter, the class is so numerous that joinder of all members is impracticable. Upon information and belief, thousands of persons have received similar debt collection letters from defendant which violate the various provisions of the FDCPA.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by the claim is whether defendant violated the FDCPA by sending initial collection letters to consumers which failed to include the notice required by 15 U.S.C. § 1692g(a)(3).

(C) The only individual issue is the identification of the consumers who received the letters (the class members), a matter capable of ministerial determination from the records of defendant.

(D) The claims of plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) Plaintiff will fairly and adequately represent the class members' interests. Plaintiff has retained experienced counsel. Plaintiff's interests are consistent with those of the members of the class.

32. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA in 15 U.S.C. § 1692k. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

- 7 -

33. If the facts are discovered to be appropriate, plaintiff will seek to certify a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

34. Communications from debt collectors, such as those sent by defendant, are to be evaluated under the FDCPA by the objective standard of the hypothetical "least sophisticated consumer".

35. As a result of the above violations, defendant is liable to plaintiff and the members of the class for damages in an amount to be determined at the time of trial, plus costs and attorneys' fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant as follows:

    (a) certifying a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

    (b) awarding class members the maximum statutory damages pursuant to 15 U.S.C. § 1692k;

    (c) awarding plaintiff the maximum statutory damages pursuant to 15 U.S.C. § 1692k;

    (d) awarding actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at time of trial;

    (e) awarding reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. § 1692k; and

    (f) for such other and further relief as may be just and proper.

- 8 -

## DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
May 2, 2017.

                                                                    /s/ Novlette R. Kidd
NOVLETTE R. KIDD, ESQ. (NK 9339)
FAGENSON & PUGLISI, PLLC
Attorneys for Plaintiff
450 Seventh Avenue, Suite 704
New York, New York 10123
Telephone: (212) 268-2128
Nkidd@fagensonpuglisi.com